United States District Court
Southern District of Texas
ENTERED
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LETICIA GUZMAN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-353 |
| JOHN DOE AND ROSS STORES, INC.,<br>Defendants. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Dkt. No. 9) AND MOTION TO REMAND TO STATE COURT (Dkt. No. 11)**

## I. Synopsis

Before the Court is Plaintiff Leticia Guzman's "Opposed Motion to for Leave to Amend Pleadings" (Dkt. No. 9); Plaintiff's "First Amended Opposed Motion to Remand" (Dkt. No. 11); Defendant Ross Stores Inc.'s "Response to Plaintiff's Motion for Leave to File Amended Pleadings and Motion to Remand" (Dkt. No. 13); and Plaintiff's "Reply to Defendant Ross Stores Inc.'s Response to Plaintiff's Opposed Motion for Leave to Amend Pleadings and Motion to Remand" (Dkt. No. 14). Plaintiff seeks to amend her complaint to identify the John Doe Defendant, now known to be a citizen of Texas like Plaintiff. After considering the arguments from both parties and reviewing the applicable law, the Court finds granting Plaintiff leave to amend her complaint is proper for the reasons stated below. Because the amended complaint will destroy diversity jurisdiction, the Court further recommends granting the motion to remand and remanding the case to the 138th District Court of Cameron County, Texas.

## II. Background

Plaintiff Leticia Guzman is a citizen of Texas. Dkt. No. 1-3 at 2. Defendant Ross Stores, Inc., is a citizen of Delaware and California. Dkt. No. 1 at 2. In her original state court petition, Plaintiff alleges the following facts. Plaintiff alleges that on or about July 30, 2024, she was on the premises of Defendant's store located in Brownsville, Cameron

County, Texas. Dkt. No. 1-3 at 4. Plaintiff alleges that an employee at Defendant's store "dropped an item onto Plaintiff's back." *Id.*

**III. Procedural History**

Defendant Ross Stores removed this case from the 138th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division on December 22, 2025. Dkt. No. 1.[1] Defendant asserted federal subject matter jurisdiction based on diversity jurisdiction because (1) there was complete diversity between Plaintiff and Ross Stores, and (2) the amount in controversy exceeded the jurisdictional minimum under 28 U.S.C. § 1332(a). Dkt. No. 1 at 2.

Plaintiff filed "Opposed Motion for Leave to Amend Pleadings" (Dkt. No. 9) on May 4, 2026, after the Court issued a scheduling order (Dkt. No. 8). Plaintiff states that she "seeks leave to file" her amended complaint "to substitute the true name of a previously unidentified 'John Doe' Defendant." Dkt. No. 9 at 1, ¶ 1.1. Plaintiff explains that she learned the identity of John Doe through Rule 26 disclosures on April 13, 2026. Dkt. No. 11 at 3.

Plaintiff also filed "First Amended Opposed Motion to Remand" (Dkt. No. 11). Plaintiff states that "remand is required under 28 U.S.C. § 1447(c)" because (a) Plaintiff has now identified that Defendant John Doe is a Texas resident and (b) complete diversity does not exist. Dkt. No. 11 at 1.

The Court ordered Defendant to file a response to both Plaintiff's Motion for Leave to File Amended Pleading and Plaintiff's Motion to Remand, so the Court could properly consider Defendant's interest in the choice of forum. Dkt. No. 12. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (stating the Court should consider whether to permit amendment "with input from the defendant")). Defendant filed a timely response. Dkt. No. 13. Defendant argues that leave to amend the complaint should be denied because (a) Plaintiff allegedly seeks to add a nondiverse defendant to destroy diversity; and (b)

[1] Defendant properly removed the case to the district and division within which the case was pending in state court. 28 U.S.C. § 1446(a).

Plaintiff can obtain complete relief from Ross Stores. Dkt. No. 13 at 1-2. Additionally, Defendant argues that leave to amend the complaint should be denied because the *Hensgens* factors weigh against joinder. *Id.* at 5-9.

In her reply, Plaintiff argues that identifying the John Doe placeholder does not constitute improper joinder and that the *Hengens* factors weigh in favor of joinder. Dkt. No. 14 at 2.

Now, Plaintiff's "Opposed Motion to for Leave to Amend Pleadings" (Dkt. No. 9) and "First Amended Opposed Motion to Remand" (Dkt. No. 11) are ripe for the Court's consideration.

## IV. Analysis

### A. Diversity Jurisdiction

U.S. Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1-2).

### B. Amending a Pleading to Add a Non-Diverse Defendant

In *Hensgens v. Deere & Co*. the Fifth Circuit Court of Appeals set a standard requiring Courts to scrutinize closely a motion to amend a pleading which proposes "to add a nondiverse nonindispensable party." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Fifth Circuit reasoned that although Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires," when a plaintiff seeks to add a nondiverse defendant "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* Because the addition of a nondiverse party will determine the Court's continuance of its jurisdiction, whether the Court permits amendment will determine whether the Court must remand the case or maintain jurisdiction. *Id.*[2]

[2] "If [the Court] permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

### C. The Hensgens Factors

In particular, the Court should consider the following: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d at 1182. *See also Pompa v. Wal-Mart Stores Texas, L.L.C.*, No. 5:21-CV-73, 2022 WL 16785430, at *3 (S.D. Tex. June 23, 2022), report and recommendation adopted sub nom. *Pompa v. Wal-Mart Stores Texas, LLC*, No. 5:21-CV-73, 2022 WL 5435484 (S.D. Tex. Oct. 7, 2022) (stating these four factors are "referred to as the Hensgens factors").

The Court's analysis below finds that the *Hensgens* factors weigh in favor of granting leave to amend.

#### *1. The extent to which the purpose of the amendment is to defeat federal jurisdiction*

The first *Hensgens* factor requires the Court to consider the purpose of the amendment, or the extent to which the purpose of the amendment is to defeat diversity jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d at 1182; *see Brown v. McDermott, Inc.*, 2012 WL 1135772, at *2 (E.D. La. Apr. 4, 2012), report and recommendation adopted, 2012 WL 1565521 (E.D. La. May 1, 2012). Two questions aid in this determination: "(1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc.*, No. 5:18-CV-00947, 2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021). *See Richardson v. Wal-Mart Stores Texas, LLC*, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016) (analyzing the same two questions); *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *3 (analyzing the same two questions).

The Court considers whether Plaintiff knew the identity of John Doe when she filed her state court petition. In the present case, Plaintiff originally filed her case in state court. In her original state court petition, Plaintiff named "John Doe" as a defendant and stated

that "upon information and belief" John Doe "resides in Cameron County, Texas." Dkt. No. 13 at 2. Plaintiff stated that she would request citation "once Plaintiff has identified John Doe." *Id.* Considering these facts, the Court finds that Plaintiff did not know the identity of John Doe when she filed her original state court petition. Additionally, the Court also notes that considering Plaintiff's belief that John Doe was a Texas resident, there would have been no basis for Plaintiff to consider initiating a suit in a federal forum.

Next, the Court considers whether Plaintiff has stated a valid cause of action against Carla Alexander, the nondiverse defendant she proposes to add. Defendant opposes the amendment in part on the grounds that Plaintiff's claim against Carla Alexander is duplicative. Although not characterized as futile, the Court considers whether Plaintiff's complaint against the identified John Doe is futile in response to Defendant's argument that the claim is duplicative.

The Fifth Circuit Court of Appeals has decided that a district court has the "discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amended complaint is futile if it states a claim upon which relief can be granted, or, put another way, if the amended complaint would not survive a Rule 12(b)(6) motion. *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. 2022). Under Texas law, even if a Plaintiff asserts a premises liability claim, the employee may still be personally liable "if he breaches 'an independent duty of reasonable care' he owed to the injured party that is separate from the employer's duty." *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *4 (internal quotation omitted).[3] A plaintiff can show a Defendant owed her an independent duty of reasonable care by showing Defendant "played a personal and active role in creating the dangerous condition at issue." *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73,

---

[3] Judge Kazen summarized neatly the state law relevant to Plaintiff's complaint as follows:

> Under Texas law, an employee in a premises liability action is not personally liable for torts committed while acting in the course and scope of his employment. However, an employee may be personally liable if he breaches "an independent duty of reasonable care" he owed to the injured party that is separate from the employer's duty.
>
> *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *4.

2016 WL 3794761, at *3 (S.D. Tex. June 17, 2016) (Morgan, J.), report and recommendation adopted, 2016 WL 3826288 (S.D. Tex. July 12, 2016) (Hanen, J.) (citation omitted).

In the present case, Defendant Ross Stores argues that the negligent conduct Plaintiff alleges "falls within the employer's non-delegable duty to maintain reasonably safe premises and supervise employees acting within the course and scope of employment." Dkt. No. 13 at 10-11. For this reason, Plaintiff's complaint against the employee is actually "properly directed at the employer." Dkt. No. 18 at 3. [4] However, Plaintiff alleges in her amended complaint that Carla Alexander "dropped an item on Plaintiff's back." Dkt. No. 9-2 at 3. Accepting the well-pled facts as true for the purpose of this analysis, the Court finds that Plaintiff's amended complaint would survive a Rule 12(b)(6) motion, because these facts would show that Defendant Carla Alexander played a personal and active role in creating the dangerous condition at issue. This showing would establish that Carla Alexander owed an independent duty of reasonable care to Plaintiff, and, thus, can be held personally liable for Plaintiff's alleged injuries.

All considered, the Court finds Plaintiff does not seek to add a nondiverse defendant for the sole purpose of defeating diversity jurisdiction. Accordingly, the Court finds the first *Hensgens* factor weighs in favor of granting Plaintiff leave to amend her complaint.

***2. Whether plaintiff has been dilatory in asking for amendment***

The second *Hensgens* factor requires the Court to consider whether Plaintiff sought diligently to amend her complaint. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. In the present case, Plaintiff filed her Motion for Leave to Amend Complaint about three weeks after learning the identity of John Doe from Defendant's Rule 26(a)(1) disclosures. Dkt.

---

[4] Defendant Ross Stores relies on the following two cases in making its argument: *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) and *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). While true that in *Tri v. J.T.T.*, the Supreme Court of Texas affirmed that it "explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not[,]" these cases still support Judge Kazen's summary of the Texas law in *Pompa*. *See supra*, note 4. Additionally, neither of the two cases presents a similar fact pattern involving an employee allegedly performing an action which caused injury on their employer's premises. For these reasons, Defendant's reliance on these cases does not change the Court's finding that Plaintiff presents a non-futile claim against the nondiverse defendant.

No. 9 at 3, ¶ 3.4. Courts typically consider seeking amendment after discovering new information indicative that the Plaintiff did not engage in dilatory conduct. *See Cinco Bayous, LLC v. Samson Expl., LLC*, 2020 WL 4922329, at *5 (E.D. Tex. Aug. 20, 2020) (collecting cases).

Further, Plaintiff amended her complaint within the deadline set by the Court and agreed to by the parties; no dispositive motions have been filed and the deadline to do so is about six months away; and no trial date has been set in this case. *See* Dkt. No. 8 (Scheduling Order). If there has not been "'significant activity beyond the pleading stage,' " or if "'no trial or pre-trial dates were scheduled,' " courts typically do not consider Plaintiff to have been dilatory in seeking amendment. *Am. Legend Homes v. Navigators Specialty Ins. Co*., 2019 WL 5721634, at *3 (E.D. Tex. Nov. 5, 2019) (internal citation omitted). *See also B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC,* No. 5:18-CV-01243, 2019 WL 13115363, at *3 (W.D. La. Dec. 20, 2019), aff'd sub nom. *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.,* 25 F.4th 369 (5th Cir. 2022) (finding the delay dilatory where Plaintiff filed motion to amend thirteen months after initial complaint).

All considered, the Court finds Plaintiff diligently sought to amend her complaint.

***3. Whether plaintiff will be significantly injured if amendment is not allowed***

The third *Hensgens* factor requires the Court to consider whether Plaintiff will be significantly injured if amendment is not allowed. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. Under this factor, courts consider whether the current defendant would be able to satisfy a future judgment. *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5 (citing *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (stating the same))). In the present case, the record does not indicate that Defendant Ross Stores will be unable to satisfy a future judgment.

However, a court's primary concern under this factor is "whether denying the amendment would create inconsistent or inefficient parallel proceedings between state and federal courts." *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5 (citation omitted). As discussed in the Court's analysis of the first *Hensgens* factor, the

Court finds that Plaintiff has stated a facially plausible cause of action against Carla Alexander under Texas law. For this reason, Plaintiff could pursue a claim against that Defendant alone in state court, presenting a risk of creating a parallel proceeding between a federal court and a state court. *See Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4922329, at *5 (E.D. Tex. Aug. 20, 2020) (stating "several district courts have concluded that the potential for parallel proceedings weighs in favor of granting leave to amend.").

Because of the risk of parallel lawsuits, the Court finds Plaintiff is likely to face prejudice if her amendment is denied.

***4. Factors Bearing on the Equities***

The fourth *Hensgens* factor requires the Court to consider any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. Courts have noted that the first three *Hensgens* factors already protect "considerations of fairness and judicial economy." *Am. Legend Homes*, 2019 WL 5721634, at *5; *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5. Although Defendant Ross Stores argues that the sequence of Plaintiff filing first a Motion for Leave to Amend Complaint immediately followed by a Motion to Remand implies bad faith, the Court notes that Fifth Circuit case law instructs the Court to order remand if the Court grants a leave to amend which adds a nondiverse, nonindispensible party. *Hensgens v. Deere & Co.*, 833 F.2d at 1182 (stating "If [the Court] permits the amendment of the nondiverse defendant, it then must remand to the state court."). Additionally, as Plaintiff points out in her reply, Plaintiff both raised her concerns about federal jurisdiction and her intention to file a motion to remand once she identified John Doe in the joint discovery / case management plan signed by both parties. Dkt. No. 14 at 7; Dkt. No. 6 at 2, 6. For these reasons and the reasons stated when analyzing the other Hensgens facts, the Court reiterates that the record shows no evidence suggesting Plaintiff's bad faith.

All considered, the Court finds this factor weighs in favor of Plaintiff given Defendant's allegations of Plaintiff's bad faith.

In conclusion, the Court finds the Hensgens factors weigh in favor of granting Plaintiff's motion to amend her complaint. For this reason, the Court recommends granting Plaintiff's motion for leave to amend her complaint. Because granting leave to amend Plaintiff's complaint would destroy diversity jurisdiction, it is further recommended the Court grant Plaintiff's motion to remand the case. *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

## V. Recommendation

It is recommended that the Court (1) **GRANT** Plaintiff's "Opposed Motion to for Leave to Amend Pleadings" (Dkt. No. 9); (2) **GRANT** Plaintiff's "First Amended Opposed Motion to Remand" (Dkt. No. 11); (3) **MOOT** Plaintiff's "Motion to Remand" (Dkt. No. 10); (4) **ORDER** the case remanded to the 138th District Court of Cameron County, Texas; and (5) DIRECT the Clerk of Court to close this case.

## VI. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs*., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 21, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge